# EXHIBIT 7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MAGNA ELECTRONICS INC., )<br>    Plaintiff, )<br>)<br>-v- )<br>)<br>TRW AUTOMOTIVE HOLDINGS, CORP., )<br>TRW AUTOMOTIVE US LLC, and )<br>TRW VEHICLE SAFETY SYSTEMS INC., )<br>    Defendants. )<br>_____) | No. 1:13-cv-1364<br><br>HONORABLE PAUL L. MALONEY |

**ORDER DENYING MOTION TO STAY MAGNA III**

This matter is before the Court on Defendants' (collectively "TRW") motion to stay this case, "Magna III," pending resolution of an International Trade Commission investigation and *inter partes* review (IPR) proceedings before the U.S. Patent and Trademark Office. (ECF No. 18.) The ITC investigation involves two patents that are pending in this case, Nos. 8,116,929 and 8,593,521, which are currently stayed pursuant to 28 U.S.C. § 1659(a). (*See* ECF No. 12) The IPR proceedings involve patents that are not asserted in this case but that TRW argues are substantially related to those pending in this case. Three patents remain active in this suit: 8,629,768; 8,636,393; and 8,637,801.

Here, TRW argues that the '768, '393, and '801 patents raise issues that substantially overlap with those the ITC will address. Thus, TRW asserts that the ITC's rulings on claim construction, infringement, and validity will assist the Court. TRW also argues that the USPTO's rulings in the IPR proceedings will likewise benefit this Court's assessment of the issues in this case. TRW argues that a stay of this case will not be prejudicial to Magna because the case is just beginning and any harm can be remedied by money damages. Additionally, TRW argues that a stay will avoid

1

duplicative discovery and potentially contradictory legal rulings and will prevent prejudice and confusion by reducing the complexity of the case. In response, Magna argues that the patents being reviewed in the ITC and IPR proceedings are not related enough to the active patents in Magna III that the administrative rulings will significantly assist this Court. Magna asserts that it would be prejudiced by a stay and TRW would not be harmed by going forward.

**LEGAL FRAMEWORK**

District courts have broad discretion to stay proceedings pursuant to their inherent authority to control their dockets. *Clinton v. Jones*, 520 U.S. 681, 707 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts generally consider three factors to determine if a stay is appropriate: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, No. 4:06-cv-126, 2007 WL 772891 (W.D. Mich. Mar. 12, 2007); *Equipements de Transformation IMAC v. Anheuser-Busch Cos., Inc.*, 559 F. Supp. 2d 809, 815 (E.D. Mich. 2008). The burden is on the party requesting a stay to show that the delay is appropriate under the circumstances. *Everlight Elecs. Co., Ltd. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512, at *6 (E.D. Mich. April 30, 2013).

**ANALYSIS**

    **A.**    **Factor 1: Stage of the Litigation**

The first factor clearly favors TRW's request to stay the case. Magna III is just beginning. No Rule 16 scheduling conference has been held, no Case Management Order has issued, and no discovery has been conducted. Further, no answer has been filed. Pursuant to a previous court order,

the answer is due within 21 days of the Court's ruling on this motion. (ECF No. 23.) When a stay is sought before case scheduling deadlines are set, this factor weighs heavily in favor of the issuance of a stay. *Magna Donnelly*, 2007 WL 772891, at *4.

### B.  Factor 2: Whether a Stay will Simplify the Issues and Trial

The parties disagree on whether a stay will simplify the issues and trial in this case. They advance wildly different positions on exactly how related the remaining active patents are to the patents being challenged in the ITC and IPR proceedings. If the issues are similar, this Court would benefit from the expertise of the ITC and IPR examiners. If the issues are not similar, a stay would prevent the expeditious resolution of this case.

TRW argues that the active patents in this case concern the same technology and prior art, share common histories, and often share common or inter-related claim terms with the patents being reviewed in the IPR proceedings. TRW also argues that the active patents in this case share much in common with the stayed '929 and '521 patents at issue before the ITC, citing similar language in the patent abstracts, similar claim language, one common inventor, and similar priority dates, as well as noting that all the patents concern the same product, the "S-Cam." In contrast, Magna argues that TRW's broad assertion that the same product is involved and mere recitation of selected portions of the written specifications and claim elements are insufficient to demonstrate that there are common issues with the IPR patents. Further, Magna argues that the ITC patents are not related to the remaining patents in this suit, noting that they all have different inventors, specifications, prosecution histories, and priority dates, and none are continuation or divisional patents of those in the ITC proceeding.

It is difficult at this point to determine if the results of the ITC and IPR proceedings will be

helpful. As one court noted:

> The ITC action may indeed narrow the issues in this action, but any findings by the ITC are not binding here and may be given any weight, or no weight at all. *Tex. Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996). There is no way to know whether the ITC action will complicate or simplify anything until the ITC results issue forth and the undersigned determines what weight, if any, to give them.

*Zenith Elecs. LLC v. Sony Corp.*, No. C 11-02439, 2011 WL 2982377, at *3 (N.D. Cal. July 22, 2011). However, Magna's arguments are more persuasive. Magna's brief explains appreciable differences between the groups of patents pending before each tribunal, even though they all concern the same product. Although there are certain to be some commonalities in claim construction and issues of infringement and validity, TRW has not demonstrated that this Court would derive a significant benefit from the ITC or IPR findings.

In *Humanscale Corp. v. CompX International, Inc.*, the Eastern District of Virginia denied a stay when the patents before the ITC had different owners, inventors, claims, prosecution histories, and specifications from the remaining claims in the suit. No. 3:09-cv-86, 2009 WL 1444312, at *2-3 (E.D. Va. May 21, 2009). The court found that it was "hard-pressed to identify any significant efficiencies or economies" it would gain by staying the case. *Id.* at *3. Although the patents in that case were not in the same family or owned by the same party, as in this case, TRW has similarly not demonstrated concrete efficiencies to be gained by a stay. Its assertions of relatedness are too broad and vague.

Finally, TRW asserts that a stay will prevent the expenditure of time and resources on duplicative work. Because the '929 and '521 patents are stayed, proceeding with the remaining three patents would cause two rounds of discovery, motions, and trials, TRW argues. *See Flexsys Ams.,*

*LP v. Kumho Tire, USA, Inc.*, No. 5:05-cv-156, 2005 WL 1126750, at *3-4 (N.D. Ohio April 29, 2005); *Avago Tech. U.S. Inc. v. IPtronics, Inc.*, No. 5:10-cv-02863, 2013 WL 623042 (N.D. Cali. Feb. 16, 2013). However, this argument hinges on the scheduling in this case, which has not been done yet, and the possibility of appeals of the ITC's findings. The ITC proceeding is scheduled to be complete in August 2015 and the parties have a cross-use discovery agreement that allows anything disclosed in the ITC investigation to be used in this case, preventing duplicative discovery. Thus, if claim construction, dispositive motions, and trial are set for some time after August 2015, there would be no duplication of effort for the Court. Without a case management order in effect, it is premature to place great stock in this argument.

Accordingly, the Court does not find that a stay would substantially simplify the issues and trial in this case at this time. This factor weighs in Magna's favor.

      **C.**      **Factor 3: Whether a Stay will Unduly Prejudice the Non-Moving Party**

Finally, TRW argues that Magna will not be prejudiced by a stay because any harm suffered by Magna can be remedied by monetary damages. Magna argues that any delay reduces the value of injunctive relief and causes prejudice to it as Magna and TRW compete directly in the marketplace during the pendency of this litigation.

The value of injunctive relief is a significant factor when a plaintiff could likely derive appreciable value from an injunction if the case proceeded normally. Thus, in *Zenith Electronics v. Sony Corp.*, one court found that the impending expiration of patents weighed against staying the action because delaying judgment would eliminate the possibility of injunctive relief. No. C 11-02439, 2011 WL 2982377, at *2 (N.D. Cali. July 22, 2011). In contrast, where the plaintiff had only a slim chance at meaningful injunctive relief if the case proceeded normally due to its delay in filing

the suit, the court held that "neither the court nor the defendants have a duty to accommodate plaintiff's desire to squeeze what little injunctive value remains from its patents." *Id.* at 1067. *Sandisk Corp. v. Phison Elecs., Corp.*, 538 F. Supp. 2d 1060 (W.D. Wisc. 2008). Here, the '801 and '768 patents will expire in March 2016 and August 2019, respectively, and Magna did not delay in filing this suit. Thus, if the case proceeded normally, Magna would have a chance of enjoying injunctive relief, at least as to the some of the patents. A stay will impact the potential benefit of injunctive relief and that impact weighs in Magna's favor.

Further, Magna correctly asserts that a stay will cause it prejudice as Magna and TRW compete directly in the marketplace. Magna has demonstrated that it and TRW are the only two companies offering the same product and bidding on certain domestic car contracts, even though four other companies produce vehicle cameras. Thus, any business lost by Magna necessarily goes to TRW. In a very similar situation, a court found that the plaintiff would be prejudiced and denied a stay. *See FMC Corp. v. Summit Agro USA, LLC*, No. 14-41-LPS, 2014 WL 3703629 (D. Del. July 21, 2014).

Accordingly, this factor weighs in Magna's favor because a stay would cause undue prejudice to the Plaintiff.

**CONCLUSION**

For the reasons discussed above, the first factor–stage of the case–weighs in favor of a stay of this case during the ITC and IPR proceedings. However, the second and third factors–simplification and prejudice–weigh against granting a stay. In the Court's discretion, a stay is not warranted at this time. Accordingly, TRW's motion to stay Magna III (ECF No. 18) is **DENIED.**

# **ORDER**

For the reasons contained in the accompanying Opinion, Defendant TRW's motion to stay pending resolution of ITC investigation and IPR proceedings (ECF No. 18) is **DENIED**.

**IT IS SO ORDERED**.

Date: December 16, 2014                                        /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge