# EXHIBIT 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| KIRSCH RESEARCH AND DEVELOPMENT, LLC, § § § § Plaintiff, § § v. § § ATLAS ROOFING CORPORATION, § § § Defendant. § | CIVIL ACTION NO. 5:20-CV-00055-RWS |

## ORDER

Before the Court is Defendant Atlas Roofing Corporation's Motion to Stay Pending Final Disposition of Related Proceedings Before the United States International Trade Commission (Docket No. 22). The Court heard argument on the motion on August 4, 2020. For the reasons set forth below, the motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

Kirsch sued Atlas on April 24, 2020, accusing its Summit line of synthetic roofing underlayment products of infringing U.S. Patent Nos. 6,308,482 and 8,765,251. Docket No. 1. On the same day, Kirsch filed a complaint with the International Trade Commission ("ITC"), naming Atlas as a respondent and accusing its Summit line of synthetic roofing underlayment products of infringing the '251 patent. Docket No. 22-2 at 1. The ITC instituted an investigation on June 1, 2020. Docket No. 22 at 7. Atlas moves to stay this case in its entirety pending the outcome of the ITC investigation. Docket No. 22.

## APPLICABLE LAW

When parties in a civil action are also parties to an ITC proceeding, a district court shall, "at the request of a party to the civil action that is also a respondent in the proceeding before the" ITC, stay overlapping claims in the civil action "until the determination of the Commission becomes final." 28 U.S.C. § 1659(a). As to non-overlapping claims, the Court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Ethicon v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). How to best manage the court's docket "calls for the exercise of judgement, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The proponent of a stay bears the burden of establishing its need. *Id.* at 255. In deciding whether to grant a request for a stay, the Court considers: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Black Hills Media, LLC v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-379-JRG-RSP, slip op. at 1 (E.D. Tex. Mar. 17, 2014); *Promethean Inc. v. eInstruction Corp.*, Civil Action No. 9:10-cv-106, 2010 WL 11629212, at *2 (E.D. Tex. Nov. 30, 2010). Some courts also consider the inequity or hardship a party may suffer in being required to go forward. *See, e.g.*, *Graphic Props. Holdings, Inc. v. Toshiba Am. Info., Sys., Inc.*, No. 12-213-LPS, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014); *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09–CV–0344, 2009 WL 1468703, at *1–2 (S.D. Cal. May 26, 2009); *FormFactor, Inc. v. Micronics Japan Co.*, Ltd., No. CV-06-07159, 2008 WL 361128, at *1 (N.D. Cal. Feb. 11, 2008); *Micron Tech., Inv. v. Mosel Vitelic Corp.*, No. CIV 98–0293, 1999 WL 458168, at *4 (D. Idaho Mar. 31, 1999).[1]

---

[1] The parties dispute the applicability of this factor, but the result is the same whether the Court considers it or not.

## DISCUSSION

The Court must stay proceedings on the '251 patent. 28 U.S.C. § 1659(a). Kirsch does not oppose that relief. But because Atlas has not carried its burden of demonstrating the necessity of a stay with regards to the '482 patent, this case will proceed on that patent.

First, Kirsch's potential prejudice neither favors nor disfavors a stay. The '482 patent has expired, which weighs against a finding of prejudice because injunctive relief is not available. *Veraseal LLC v. CostCo Wholesale Corp.*, Case No. 2:17-cv-00713-RWS-RSP, 2018 WL 4524122, at *1 (E.D. Tex. May 18, 2018). Kirsch may recover monetary damages if it secures an infringement verdict. *Id.* Additionally, Kirsch chose to file its ITC claim knowing that this would guarantee a stay of half of its claims; the possibility of a stay as to the other half was foreseeable. *See SZ DJI Tech. Co., Ltd. v. Autel Robotics USA LLC*, No. 16-706-LPS, 2019 WL 1244948, at *2 (D. Del. Mar. 18, 2019). On the other hand, a stay could cause the loss of testimonial and documentary evidence and reduction in market share because Kirsch and Atlas are direct competitors. *See Align Tech., Inc. v. 3Shape A/S*, No. 17-1646-LPS-CJB, 2018 WL 4292675, at *3 (D. Del. Sept. 7, 2018). Because this factor cuts both ways, it is neutral.

Second, staying proceedings on the '482 patent is not likely to simplify issues. Though the patents have the same inventor and are directed to the same technology, they are not related, do not share a specification or prosecution history and claim different subject matter. "Overlapping subject matter, without more—such as overlapping specifications, prosecution history, or a familial relationship—does not provide much support for a stay." *Align Tech.*, 2018 WL 4292675, at *2. The patents' different specifications and priority dates may lead to differing claim constructions. A cross-use agreement will reduce the risk of duplicative discovery. Furthermore, ITC determinations are not preclusive, *Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90

F.3d 1558, 1569 (Fed. Cir. 1996), and may be procedural in nature—both facts indicating that the ITC proceedings will lend little assistance to the Court. *See Promethean*, 2010 WL 11629212, at *3 ("At this point in the proceedings, it is impossible to tell what issues the ITC will end up considering."). This factor weighs strongly against a stay.

Third, this case is in its earliest stages, slightly favoring a stay. *Id.*

Finally, if the Court were to consider potential hardship to Atlas, the prejudice Atlas complains of—the need to defend itself in two forums simultaneously—does not favor a stay. *See, e.g.*, *Neodron, Ltd. v. Dell Techs. Inc.*, No. 19-CV-00819-ADA, Docket No. 44 at 4–5 (W.D. Tex. Dec. 16, 2019).

In sum, one factor weighs strongly against a stay, one is neutral and one weighs slightly in favor. On balance, Atlas has failed to demonstrate the necessity of staying proceedings on the '482 patent.

## CONCLUSION

For the reasons set forth above, Atlas's motion to stay (Docket No. 22) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Proceedings are **STAYED** as to the '251 patent.

**So ORDERED and SIGNED this 11th day of August, 2020.**

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE