# EXHIBIT 12

James C. Yoon (SBN 177155)
jyoon@wsgr.com
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-493-9300
Facsimile: 650-565-5100

Neil N. Desai (SBN 286405)
ndesai@wsgr.com
WILSON SONSINI GOODRICH & ROSATI P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: 323-210-2900
Facsimile: 866-974-7329

*Attorneys for Defendants*
Rocateq USA, LLC and Rocateq International B.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GATEKEEPER SYSTEMS, INC., a Delaware corporation<br><br>                    Plaintiff,<br><br>v.<br><br>ROCATEQ USA, LLC; and ROCATEQ INTERNATIONAL B.V.,<br><br>                    Defendants. | Case No.  8:22-cv-2092-FWS-KES<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-32)** |

**PROPOUNDING PARTY**: Plaintiff Gatekeeper Systems, Inc.

**RESPONDING PARTY**: Defendants Rocateq USA, LLC and Rocateq International B.V.

**SET**: ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the United States District Court for the Central District of California, Defendants Rocateq USA, LLC and Rocateq International B.V. (collectively, "Rocateq") hereby objects and responds to Plaintiff Gatekeeper Systems, Inc.'s ("Gatekeeper") First Set of Requests for Production of Documents (Nos. 1-32).

These objections and responses represent Rocateq's reasonable efforts to provide the information requested based upon information in its possession, custody, or control, and based on its current knowledge and understanding, as well as the understanding of each request. Rocateq reserves all rights to supplement, revise, and/or amend these responses should additional information become available through the discovery process or by other means. Rocateq also reserves the right to produce or use any information or documents that are discovered after serving these responses in support of or in opposition to any motion, in depositions, or in hearings. In responding to Gatekeeper's First Set of Requests, Rocateq does not waive any objection on the grounds of privilege, confidentiality, competency, relevance, materiality, authenticity, admissibility of the information contained in these responses, or any other objection. Where Rocateq states that it will produce documents, it will do so subject to the entry of an appropriate protective order and only if responsive documents are found after a reasonable search. Rocateq also objects to the production of any privileged information.

## SPECIFIC OBJECTIONS AND RESPONSES

## DOCUMENT REQUEST NO. 1:

All documents that discuss the manufacturing, operation, and/or functionality of Rocateq's Check Out Security system, including, but not limited to, technical manuals, specifications, configuration guides, installation guides, schematic diagrams, drawings, layouts, and operations manuals.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information about Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents technical product information sufficient to describe the design and operation for accused products in the United States.

**DOCUMENT REQUEST NO. 2:**

All documents that discuss the manufacturing, operation, and/or functionality of Rocateq's Cart Security system, including, but not limited to, technical manuals, specifications, configuration guides, installation guides, schematic diagrams, drawings, layouts, and operations manuals.

**RESPONSE DOCUMENT REQUEST NO. 2:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information about Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents reflecting technical product information sufficient to describe the

design and operation for accused products in the United States.

**DOCUMENT REQUEST NO. 3:**

All documents that discuss Rocateq Related Services, including, but not limited to, user manuals, product descriptions, service descriptions, statements of work, specifications, configuration guides, installation guides, and operations manuals.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request as vague, ambiguous, and hence overly broad and unduly burdensome as to the definition of "Rocateq Related Services" because that definition purports to cover products and services unrelated to any claim or defense at issue. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents reflecting technical product information sufficient to describe the design and operation for accused products in the United States.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to identify the make and model of every piece of equipment and/or component that participates in Rocateq's Check Out Security

1   system.

2   **RESPONSE TO DOCUMENT REQUEST NO. 4:**

3      Rocateq objects to the extent that Gatekeeper seeks to impose disclosure

4   obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq

5   objects to this request as vague and ambiguous as to the phrase "every piece of

6   equipment and/or component that participates in."  Rocateq objects to this request

7   because it seeks information about Rocateq's Checkout Security system, which

8   Gatekeeper accuses only against patents that it has asserted in a parallel ITC

9   investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659.  Rocateq

10  intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not

11  disputed that Rocateq is entitled to.

12     Subject to its objections, scheduling order and a stay in this case, Rocateq will

13  produce documents reflecting technical product information sufficient to identify the

14  components in the accused products in the United States.

15  **DOCUMENT REQUEST NO. 5:**

16     Documents sufficient to identify the make and model of every piece of

17  equipment and/or component that participates in Rocateq's Cart Security system.

18  **RESPONSE TO DOCUMENT REQUEST NO. 5:**

19     Rocateq objects to the extent that Gatekeeper seeks to impose disclosure

20  obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq

21  objects to this request because it seeks information about Rocateq's Cart Security

22  system, which Gatekeeper accuses against patents that Rocateq will ask the Court to

23  stay under the Court's discretionary power.

24     Subject to its objections, scheduling order and a stay in this case, Rocateq will

25  produce documents reflecting technical product information sufficient to identify the

26  components in the accused products in the United States.

27  **DOCUMENT REQUEST NO. 6:**

28     Documents sufficient to identify all versions/revisions of source code used in

the Rocateq Check Out Security System on or after November 17, 2016.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information about Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to.

Subject to its objections, scheduling order and a stay in this case, and the provision of a court-ordered protective order, Rocateq will produce documents sufficient to identify source code used in the accused products in the United States.

**DOCUMENT REQUEST NO. 7:**

Documents sufficient to identify all versions/revisions of source code used in the Rocateq Cart Security System on or after December 19, 2017.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information about Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, and the provision of a court-ordered protective order, Rocateq will produce documents sufficient to identify source code used in the accused products in the United States.

**DOCUMENT REQUEST NO. 8:**

Each version/revision of source code identified in Request No. 6.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information about Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to.

Subject to its objections, scheduling order and a stay in this case, and the provision of a court-ordered protective order, Rocateq will produce documents sufficient to identify source code used in the accused products in the United States.

**DOCUMENT REQUEST NO. 9:**

Each version/revision of source code identified in Request No. 7.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information about Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, and the provision of a court-ordered protective order, Rocateq will produce documents sufficient to identify source code used in the accused products in the United States.

**DOCUMENT REQUEST NO. 10:**

Documents sufficient to identify every Rocateq Related Service.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request as vague and ambiguous, and hence overly broad and unduly burdensome as to the definition of "Rocateq Related Services" because that definition purports to cover products and services unrelated to any claim or defense at issue. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents reflecting technical product information sufficient to identify the components in the accused products in the United States.

**DOCUMENT REQUEST NO. 11:**

All contracts and/or purchase orders between Rocateq and its customers relating to the Accused Products and Rocateq Related Services in effect as of November 17, 2016 or after, including any related product specifications and maintenance agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq objects to this request as vague and ambiguous, and overly broad and unduly burdensome as to the definition of "Rocateq Related Services" because that definition purports to cover products and services unrelated to any claim or defense at issue.  Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.  Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to.  Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents reflecting sales information for accused products in the United States.  At the appropriate time, Rocateq will meet and confer with Gatekeeper regarding the format and nature of sales and importation information relating to the accused products and the time period associated with such sales and importation information.

**DOCUMENT REQUEST NO. 12:**

All contracts and/or purchase orders between Rocateq and its suppliers relating to the Accused Products and Rocateq Related Services in effect as of November 17, 2016 or after, including those related to the chips, processors, circuitry, and/or transceivers used in the Accused Products.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request as vague and ambiguous, and overly broad and unduly burdensome as to the definition of "Rocateq Related Services" because that definition purports to cover products and services unrelated to any claim or defense at issue. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents reflecting information about Rocateq's purchase of components used in the accused products in the United States.

**DOCUMENT REQUEST NO. 13:**

All marketing documents, sales documents, studies, surveys, and competitive comparisons discussing the benefits, importance, or value of the Accused Products or Rocateq Related Services.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request as vague and ambiguous, and overly broad and unduly burdensome as to the definition of "Rocateq Related Services" because that definition

1 purports to cover products and services unrelated to any claim or defense at issue.

2 Rocateq objects to this request to the extent it calls for documents protected by the

3 attorney-client privilege, attorney work product doctrine, or other applicable

4 privilege.  Rocateq objects to this request because it seeks information related to

5 Rocateq's Checkout Security system, which Gatekeeper accuses only against patents

6 that it has asserted in a parallel ITC investigation and that are thus subject to a stay

7 pursuant to 28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28

8 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to.

9 Rocateq also objects to this request because it seeks information related to Rocateq's

10 Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask

11 the Court to stay under the Court's discretionary power.

12       Subject to its objections, scheduling order and a stay in this case, Rocateq will

13 produce documents reflecting marketing, sales, surveys, and competitive

14 comparisons regarding the accused products in the United States.  At the appropriate

15 time, Rocateq will meet and confer with Gatekeeper regarding the format and nature

16 of sales and importation information relating to the accused products and the time

17 period associated with such sales and importation information.

18 **DOCUMENT REQUEST NO. 14:**

19       Rocateq's annual and quarterly consolidated income statements since January

20 1, 2016.

21 **RESPONSE TO DOCUMENT REQUEST NO. 14:**

22       Rocateq objects to the extent that Gatekeeper seeks to impose disclosure

23 obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq

24 objects to this request to the extent it calls for documents protected by the attorney-

25 client privilege, attorney work product doctrine, or other applicable privilege.

26 Rocateq objects to this request because it seeks information related to Rocateq's

27 Checkout Security system, which Gatekeeper accuses only against patents that it has

28 asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to

28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to.  Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents reflecting sales information for accused products in the United States.  At the appropriate time, Rocateq will meet and confer with Gatekeeper regarding the format and nature of sales and importation information relating to the accused products and the time period associated with such sales and importation information.

**DOCUMENT REQUEST NO. 15:**

Documents sufficient to show monthly financial information associated with providing each of the Accused Products and Rocateq Related Services in the United States since November 17, 2016, including (1) identification of the customer, (2) product or service sold, (3) revenues, (4) fixed and variable costs, (5) profit margins, and (6) the sales price per unit of each piece of equipment or Rocateq Related Service.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq objects to this request as vague and ambiguous, and overly broad and unduly burdensome as to the definition of "Rocateq Related Services" because that definition purports to cover products and services unrelated to any claim or defense at issue. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.  Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay

pursuant to 28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents reflecting sales information for accused products in the United States.  At the appropriate time, Rocateq will meet and confer with Gatekeeper regarding the format and nature of sales and importation information relating to the accused products and the time period associated with such sales and importation information.

**DOCUMENT REQUEST NO. 16:**

Documents sufficient to show monthly financial information associated with providing each of the Accused Products and Rocateq Related Services in the United States since November 17, 2016, including (1) identification of the customer, (2) product or service sold, (3) revenues, (4) fixed and variable costs, (5) profit margins, and (6) the sales price per unit of each piece of equipment and/or component.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq objects to this request as overly broad and unduly burdensome as to the definition of "Rocateq Related Services" because that definition purports to cover products and services unrelated to any claim or defense at issue.  Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.  Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC

investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power. Rocateq is willing to meet and confer about this request.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents reflecting sales information for accused products in the United States. At the appropriate time, Rocateq will meet and confer with Gatekeeper regarding the format and nature of sales and importation information relating to the accused products and the time period associated with such sales and importation information.

**DOCUMENT REQUEST NO. 17:**

Documents sufficient to show Rocateq's pricing plans and pricing options for the Accused Products since November 17, 2016.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents reflecting sales information for accused products in the United States. At the appropriate time, Rocateq will meet and confer with Gatekeeper regarding the format and nature of sales and importation information relating to the accused products and the time period associated with such sales and importation information.

**DOCUMENT REQUEST NO. 18:**

Documents sufficient to show Rocateq's pricing plans and pricing options for all Rocateq Related Services since November 17, 2016.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request as vague and ambiguous, and overly broad and unduly burdensome as to the definition of "Rocateq Related Services" because that definition purports to cover products and services unrelated to any claim or defense at issue. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents reflecting sales information for accused products in the United States. At the appropriate time, Rocateq will meet and confer with Gatekeeper

regarding the format and nature of sales and importation information relating to the accused products and the time period associated with such sales and importation information.

**DOCUMENT REQUEST NO. 19:**

Documents sufficient to show the identities of all Rocateq customers of the Accused Products since November 17, 2016, including the quantity of each piece of equipment and/or component purchased.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and a stay in this case, Rocateq will produce documents reflecting sales information for accused products in the United States. At the appropriate time, Rocateq will meet and confer with Gatekeeper regarding the format and nature of sales and importation information relating to the accused products and the time period associated with such sales and importation information.

**DOCUMENT REQUEST NO. 20:**

All inbound and outbound patent license agreements that include, or have been

alleged to include, patents relating to shopping cart retention and/or anti-merchandise theft measures.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and stay in this case, Rocateq will produce licensing agreements relating to the accused products and patents.

**DOCUMENT REQUEST NO. 21:**

All licenses that Rocateq alleges would have been technically and economically comparable to a license that Rocateq and Gatekeeper would have executed.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has

asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to.  Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and stay in this case, Rocateq will produce licensing agreements relating to the accused products and patents.

**DOCUMENT REQUEST NO. 22:**

All documents relating to any competitive analysis with Gatekeeper or other competitors.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to.  Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and stay in this case, Rocateq will produce competitive analyses regarding the accused products.

**DOCUMENT REQUEST NO. 23:**

All documents relating to any one of the Patents-in-Suit or any Related Patent, including all documents that reference or discuss any one of the Patents-in-Suit or any Related Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq objects to this request as calling for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.  Rocateq objects to this request because it seeks information related patents that are subject to a stay pursuant to 28 U.S.C. § 1659.  Rocateq also objects to this request because it seeks information related to patents that Rocateq will ask the Court to stay under the Court's discretionary power.  Rocateq is willing to meet and confer about this request.

**DOCUMENT REQUEST NO. 24:**

All documents relating to Rocateq's Fifth affirmative defense of failure to mark.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Rocateq objects to this request because it seeks information related patents that are subject to a stay pursuant to 28 U.S.C. § 1659.  Rocateq also objects to this request because it seeks information related to patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and stay in this case, Rocateq will produce documents evidencing Gatekeeper's failure to mark, to the extent such

1  documents exist.

2  **DOCUMENT REQUEST NO. 25:**

3  All documents relating to the capabilities, cost, demand, and availability of any

4  alleged non-infringing alternatives.

5  **RESPONSE TO DOCUMENT REQUEST NO. 25:**

6  Rocateq objects to the extent that Gatekeeper seeks to impose disclosure

7  obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq

8  objects to this request to the extent it calls for documents protected by the attorney-

9  client privilege, attorney work product doctrine, or other applicable privilege.

10  Rocateq objects to this request because it seeks information related patents that are

11  subject to a stay pursuant to 28 U.S.C. § 1659.  Rocateq also objects to this request

12  because it seeks information related to patents that Rocateq will ask the Court to stay

13  under the Court's discretionary power.  Rocateq objects to this request as because

14  Gatekeeper has not provided its infringement contentions and the Court has not

15  issued its claim construction order.

16  Subject to its objections, the scheduling order and any order regarding a stay,

17  Rocateq is willing to meet and confer about this request.

18  **DOCUMENT REQUEST NO. 26:**

19  All documents submitted by Rocateq to any governmental agency relating to

20  the Accused Products. For example, this request encompasses all documents

21  submitted to the Federal Communications Commission (FCC) by Zhuhai Rocateq

22  Technology Company Ltd.

23  **RESPONSE TO DOCUMENT REQUEST NO. 26:**

24  Rocateq objects to the extent that Gatekeeper seeks to impose disclosure

25  obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq

26  objects to this request to the extent it calls for documents protected by the attorney-

27  client privilege, attorney work product doctrine, or other applicable privilege.

28  Rocateq objects to this request because it seeks information related to Rocateq's

1  Checkout Security system, which Gatekeeper accuses only against patents that it has
2  asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to
3  28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659,
4  which Gatekeeper has not disputed that Rocateq is entitled to.  Rocateq also objects
5  to this request because it seeks information related to Rocateq's Cart Security system,
6  which Gatekeeper accuses against patents that Rocateq will ask the Court to stay
7  under the Court's discretionary power.

8       Subject to its objections, scheduling order and stay in this case, Rocateq will
9  produce documents submitted to the FCC relating to the accused products in the U.S.

10  **DOCUMENT REQUEST NO. 27:**

11      Two samples of each piece of equipment and/or component provided to
12  customers as part of the Accused Products (i.e., Rocateq Wheel, Intellibox, and
13  Checkout Transmitter) in its original packaging.

14  **RESPONSE TO DOCUMENT REQUEST NO. 27:**

15      Rocateq objects to the extent that Gatekeeper seeks to impose disclosure
16  obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq
17  objects to this request to the extent it calls for documents protected by the attorney-
18  client privilege, attorney work product doctrine, or other applicable privilege.
19  Rocateq objects to this request because it seeks information related to Rocateq's
20  Checkout Security system, which Gatekeeper accuses only against patents that has
21  asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to
22  28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659,
23  which Gatekeeper has not disputed that Rocateq is entitled to.  Rocateq also objects
24  to this request because it seeks information related to Rocateq's Cart Security system,
25  which Gatekeeper accuses against patents that Rocateq will ask the Court to stay
26  under the Court's discretionary power.

27      Rocateq is willing to meet and confer about this request.

28

**DOCUMENT REQUEST NO. 28:**

Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of the Accused Products.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq objects to this request to the extent it calls for documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.  Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to.  Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.  Rocateq is willing to meet and confer about this request.

Subject to its objections, scheduling order and stay in this case, Rocateq will produce documents showing employment information for individuals involved in the technical design and development, marketing, and sales of the accused products.  At the appropriate time, Rocateq will meet and confer with Gatekeeper regarding the format and nature of sales and importation information relating to the accused products and the time period associated with such sales and importation information.

**DOCUMENT REQUEST NO. 29:**

All documents relating to Rocateq's first notice or awareness of each of the

1  Patents-in-Suit.

2  **RESPONSE TO DOCUMENT REQUEST NO. 29:**

3       Rocateq objects to the extent that Gatekeeper seeks to impose disclosure

4  obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq

5  objects to this request to the extent it calls for documents protected by the attorney-

6  client privilege, attorney work product doctrine, or other applicable privilege.

7  Rocateq objects to this request because it seeks information related patents that are

8  subject to a stay pursuant to 28 U.S.C. § 1659.  Rocateq also objects to this request

9  because it seeks information related to patents that Rocateq will ask the Court to stay

10  under the Court's discretionary power.

11       Subject to its objections, scheduling order and stay in this case, Rocateq will

12  produce documents relating to notice of the asserted patents.

13  **DOCUMENT REQUEST NO. 30:**

14       All documents relating to any attempts to design around or modify the Accused

15  Products to avoid infringement of any one of the Patents-in-Suit.

16  **RESPONSE TO DOCUMENT REQUEST NO. 30:**

17       Rocateq objects to the extent that Gatekeeper seeks to impose disclosure

18  obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq

19  objects to this request to the extent it calls for documents protected by the attorney-

20  client privilege, attorney work product doctrine, or other applicable privilege.

21  Rocateq objects to this request because it seeks information related to Rocateq's

22  Checkout Security system, which Gatekeeper accuses only against patents that it has

23  asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to

24  28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659,

25  which Gatekeeper has not disputed that Rocateq is entitled to.  Rocateq also objects

26  to this request because it seeks information related to Rocateq's Cart Security system,

27  which Gatekeeper accuses against patents that Rocateq will ask the Court to stay

28  under the Court's discretionary power.  Rocateq also objects to this request as

1  because Gatekeeper has not provided its infringement contentions and the Court has

2  not issued its claim construction order.

3      Subject to its objections, the scheduling order and any order regarding a stay,

4  Rocateq is willing to meet and confer about this request.

5  **DOCUMENT REQUEST NO. 31:**

6      All documents relating to any analysis or opinions of counsel relating to any

7  one of the Patents-in-Suit or any Related Patent, including, but not limited to,

8  opinions relating to infringement, validity, enforceability, scope, or ownership.

9  **RESPONSE TO DOCUMENT REQUEST NO. 31:**

10     Rocateq objects to the extent that Gatekeeper seeks to impose disclosure

11  obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq

12  objects to this request as calling for documents protected by the attorney-client

13  privilege, attorney work product doctrine, or other applicable privilege.  Rocateq

14  objects to this request because it seeks information related patents that are subject to

15  a stay pursuant to 28 U.S.C. § 1659.  Rocateq also objects to this request because it

16  seeks information related to patents that Rocateq will ask the Court to stay under the

17  Court's discretionary power.  Rocateq has no non-privileged documents to produce.

18  **DOCUMENT REQUEST NO. 32:**

19     Documents sufficient to show, for each Accused Product, the number of

20  products imported into the United States by or on behalf of Rocateq since November

21  17, 2016, including identification of the product or component, dates of importation,

22  and quantity imported.

23  **RESPONSE TO DOCUMENT REQUEST NO. 32:**

24     Rocateq objects to the extent that Gatekeeper seeks to impose disclosure

25  obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq

26  objects to this request to the extent it calls for documents protected by the attorney-

27  client privilege, attorney work product doctrine, or other applicable privilege.

28  Rocateq objects to this request because it seeks information related to Rocateq's

1   Checkout Security system, which Gatekeeper accuses only against patents that it has

2   asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to

3   28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659,

4   which Gatekeeper has not disputed that Rocateq is entitled to.  Rocateq also objects

5   to this request because it seeks information related to Rocateq's Cart Security system,

6   which Gatekeeper accuses against patents that Rocateq will ask the Court to stay

7   under the Court's discretionary power.

8          Subject to its objections, scheduling order and a stay in this case, Rocateq will

9   produce documents reflecting sales information for accused products in the United

10   States.  At the appropriate time, Rocateq will meet and confer with Gatekeeper

11   regarding the format and nature of sales and importation information relating to the

12   accused products and the time period associated with such sales and importation

13   information.

14   Dated:    April 10, 2023

15                                                        By:/s/ *Neil N. Desai*
                                                         James C. Yoon
16                                                       WILSON SONSINI GOODRICH &
                                                         ROSATI P.C.
17                                                       650 Page Mill Road
                                                         Palo Alto, CA 94304
18                                                       Telephone: 650-493-9300
                                                         Facsimile: 650-565-5100
19
                                                         Neil N. Desai
20                                                       WILSON SONSINI GOODRICH &
                                                         ROSATI P.C.
21                                                       633 West Fifth Street, Suite 1550
                                                         Los Angeles, CA 90071
22                                                       Telephone: 323-210-2900
                                                         Facsimile: 866-974-7329
23
                                                         *Attorneys for Defendants*
24                                                       *Rocateq USA, LLC*
                                                         *Rocateq International B.V.*
25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2      I, the undersigned hereby certify that a copy of the foregoing document(s)

3  was served on all counsel of record via electronic mail on April 10, 2023.

4      S. Michael Song (SBN 198656)          *Electronic Email*
       Charles Hsu (SBN 328798)
5      DECHERT LLP
       3000 El Camino Real
6      Five Palo Alto Square, #650
       Palo Alto, CA 94306
7      Telephone: 650-813-4813
       Email: Michael.song@dechert.com
8      Charles.hsu@dechert.com

9      Martin Black (*pro hac vice*)
       Judah Bellin (*pro hac vice*)
10     DECHERT LLP
       Cira Centre
11     2929 Arch Street
       Philadelphia, PA 19104
12     Telephone: 215-994-2664
       Email: Martin.black@dechert.com
13     Judah.bellin@dechert.com

14
       ***Counsel for Plaintiff Gatekeeper***
15     ***Systems, Inc.***

16

17  Dated:  April 10, 2023

18

19

20                                    By:   */s/ Arlene Apodaca*
                                           ARLENE APODACA
21                                         Email: aapodaca@wsgr.com

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE                    1          CASE NO. 8:22-CV-2092-FWS-KES