# EXHIBIT 13

James C. Yoon (SBN 177155)
jyoon@wsgr.com
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-493-9300
Facsimile: 650-565-5100

Neil N. Desai (SBN 286405)
ndesai@wsgr.com
WILSON SONSINI GOODRICH & ROSATI P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: 323-210-2900
Facsimile: 866-974-7329

*Attorneys for Defendants*
Rocateq USA, LLC and Rocateq International B.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GATEKEEPER SYSTEMS, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>ROCATEQ USA, LLC; and ROCATEQ INTERNATIONAL B.V.,<br><br>Defendants. | Case No. 8:22-cv-2092-FWS-KES<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-11)** |

**PROPOUNDING PARTY**: Plaintiff Gatekeeper Systems, Inc.

**RESPONDING PARTY**: Defendants Rocateq USA, LLC and Rocateq International B.V.

**SET**: ONE

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendants Rocateq USA, LLC and Rocateq International B.V. ("Rocateq") hereby submit their objections and responses to plaintiff Gatekeeper Systems, Inc.'s ("Gatekeeper") First Set of Interrogatories ("the Interrogatories") (Nos. 1-11).

These objections and responses represent Rocateq's reasonable efforts to provide the information requested based upon information in its possession, custody, or control and based upon its current knowledge and understanding. Rocateq reserves all rights to supplement, revise, and/or amend these responses should additional information become available through the discovery process or by other means. Rocateq also reserves the right to produce or use any information or documents that are discovered after service of these responses in support of or in opposition to any motion, in depositions, or in hearings. In responding to Gatekeeper's First Set of Interrogatories, Rocateq does not waive any objection on the grounds of privilege, confidentiality, competency, relevance, materiality, authenticity, admissibility of the information contained in these responses, or any other objection.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Separately identify each version of Rocateq Check Out Security that was made, used, offered for sale, or sold within the United States (including through resellers) or imported into the United States by You or at Your direction since November 17, 2016 up through and including any trial in this matter, including in Your answer each component comprising such version of the product, such version information including at least the model number(s); source code version(s); marketing name(s); and internal or external code name(s).

**RESPONSE TO INTERROGATORY NO. 1:**

Rocateq objects to this request as vague and ambiguous. Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those

required by the Federal Rules and Local Rules. Rocateq objects to this interrogatory because it seeks information about Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to.

Subject to its objections, scheduling order and stay in this case, and the entry of an appropriate protective order in the case, Rocateq will produce documents under Rule 33(d) that will produce sales and importation information for accused products in the United States. At the appropriate time, Rocateq will meet and confer with Gatekeeper regarding (1) the nature and scope of this interrogatory and (2) the format and nature of sales information relating to the accused products and the time period associated with such sales and importation information.

**INTERROGATORY NO. 2:**

Separately identify each version of Rocateq Cart Security that was made, used, offered for sale, or sold within the United States (including through resellers) or imported into the United States by You or at Your direction since December 19, 2017 up through and including any trial in this matter, including in Your answer each component comprising such version of the product, such version information including at least the model number(s); source code version(s); marketing name(s); and internal or external code name(s).

**RESPONSE INTERROGATORY NO. 2:**

Rocateq objects to this request as vague and ambiguous. Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request because it seeks information about Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and stay in this case, and the entry of an appropriate protective order in the case, Rocateq will produce documents under Rule 33(d) that will produce sale and importation information for accused products in the United States.  At the appropriate time, Rocateq will meet and confer with Gatekeeper regarding (1) the nature and scope of this interrogatory and (2) the format and nature of sales information relating to the accused products and the time period associated with such sales information.

**INTERROGATORY NO. 3:**

For each version of Rocateq Check Out Security, describe in detail its operation, including a detailed description of each component of Rocateq Check Out Security and its operation with each Rocateq Related Service.

**RESPONSE TO INTERROGATORY NO. 3:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules.  Rocateq objects to this interrogatory because it seeks information about Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659.  Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to.

Subject to its objections, scheduling order and stay in this case, and the entry of an appropriate protective order in the case, Rocateq will produce documents under Rule 33(d) that will produce technical product information sufficient to describe the design and operation for accused products in the United States.

**INTERROGATORY NO. 4:**

For each version of Rocateq Cart Security, describe in detail its operation, including a detailed description of each component of Rocateq Cart Security and its operation with each Rocateq Related Service.

**RESPONSE TO INTERROGATORY NO. 4:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request because it seeks information about Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and stay in this case, and the entry of an appropriate protective order in the case, Rocateq will produce documents under Rule 33(d) that will produce technical product information sufficient to describe the design and operation for accused products in the United States.

**INTERROGATORY NO. 5:**

Provide monthly financial information associated with providing each of the Accused Products and Rocateq Related Services in the United States since November 17, 2016, including (1) identification of the customer, (2) product or service sold, (3) revenues, (4) fixed and variable costs, (5) profit margins, and (6) the sales price per unit of each piece of equipment or Rocateq Related Service.

**RESPONSE TO INTERROGATORY NO. 5:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request as overly broad and unduly burdensome as to the definition of "Rocateq Related Services" because that definition purports to cover products and services unrelated to any claim or defense at issue. Rocateq objects to this request because it seeks information about Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information about Rocateq's Cart Security system, which Gatekeeper accuses

against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and stay in this case, and the entry of an appropriate protective order in the case, Rocateq will produce documents under Rule 33(d) that will provide sale information for accused products in the United States. At the appropriate time, Rocateq will meet and confer with Gatekeeper regarding the format and nature of sales and importation information relating to the accused products and the time period associated with such sales and importation information

**INTERROGATORY NO. 6:**

Identify any patent license agreements You contend are comparable to the one(s) that Gatekeeper would have negotiated with the Defendants and provide Your complete factual bases for economic and technical comparability.

**RESPONSE TO INTERROGATORY NO. 6:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Subject to its objections, scheduling order and stay in this case, and the entry of an appropriate protective order in the case, Rocateq will produce documents under Rule 33(d) that will product licensing agreements relating to the accused products and patents.

**INTERROGATORY NO. 7:**

To the extent You contend there would have been a design-around for any of the Patents-in-Suit, provide a complete description of such design-arounds, including their cost, availability, and acceptability, and an identification of all supporting evidence upon which You rely.

**RESPONSE TO INTERROGATORY NO. 7:**

Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's discretionary power. Rocateq objects to this request as a premature contention interrogatory. Gatekeeper has not provided its infringement contentions and the Court has not issued its claim construction order. The request improperly seeks information protected by the attorney-client and work product privileges.

Subject to its objections, the scheduling order and any order regarding a stay, Rocateq is willing to meet and confer about this request.

**INTERROGATORY NO. 8:**

Explain in detail all the legal and factual bases for your affirmative defense of prosecution history estoppel (Defendants' Fourth Affirmative Defense), including an identification of all evidence, documents, and testimony upon which you intend to rely.

**RESPONSE TO INTERROGATORY NO. 8:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq

objects to this request to the extent that it improperly seeks information protected by the attorney-client and work product privileges. Rocateq objects to this request because it seeks information related patents that are subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq also objects to this request because it seeks information related to patents that Rocateq will ask the Court to stay under the Court's discretionary power. Rocateq also objects to this request as a premature contention interrogatory. Gatekeeper has not provided its infringement contentions and the Court has not issued its claim construction order.

Subject to its objections, the scheduling order and any order regarding a stay, Rocateq is willing to meet and confer about this request.

**INTERROGATORY NO. 9:**

Separately for each of the Accused Products, identify: (a) the date(s) on which it was announced; (b) its first U.S. release date; (c) the first U.S. sale or offer for sale; (d) the first public use in the U.S.; (d) the first U.S. manufacture; (e) the first date on which it was imported into the U.S.; and (f) the first use by You or at Your direction in the U.S., whether for testing or otherwise; (g) the date on which it was discontinued.

**RESPONSE TO INTERROGATORY NO. 9:**

Rocateq objects to this request as vague and ambiguous. Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq objects to this request because it seeks information related to Rocateq's Checkout Security system, which Gatekeeper accuses only against patents that it has asserted in a parallel ITC investigation and that are thus subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq intends to move for a stay pursuant to 28 U.S.C. § 1659, which Gatekeeper has not disputed that Rocateq is entitled to. Rocateq also objects to this request because it seeks information related to Rocateq's Cart Security system, which Gatekeeper accuses against patents that Rocateq will ask the Court to stay under the Court's

discretionary power.

Subject to its objections, scheduling order and stay in this case, and the entry of an appropriate protective order in the case, Rocateq will produce documents under Rule 33(d) that will provide sale and importation information for accused products in the United States. At the appropriate time, Rocateq will meet and confer with Gatekeeper regarding (1) the nature and scope of this interrogatory and (2) the format and nature of sales information relating to the accused products and the time period associated with such sales and importation.

**INTERROGATORY NO. 10:**

Separately for each of the Patents-in-Suit, describe in detail the circumstances in which You or Your attorneys first became aware of each of the Patents-in-Suit (or any patent application that later issued as one of the Patents-in-Suit), including at minimum: how and when You or Your attorneys first became aware of each of the Patents-in-Suit; the person(s) so aware, any documents concerning Your awareness of each of the Patents-in-Suit; any documents or facts showing or reflecting Your belief of infringement or validity of each of the Patents-in-Suit from the time you first became aware of each of the Patents-in-Suit through trial in this action. Your answer should identify by production number any documents that concern, support, or refute Your answer.

**RESPONSE TO INTERROGATORY NO. 10:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq also objects to this request to the extent that it seeks information covered by the attorney-client and work product privileges. Rocateq further objects to this request on the ground that it is premature under the scheduling order. Rocateq objects to this request because it seeks information related patents that are subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq also objects to this request because it seeks information related to patents that Rocateq will ask the Court to stay under the Court's

discretionary power.

Subject to its objections, scheduling order and stay in this case, and the entry of an appropriate protective order in the case, Rocateq will produce documents under Rule 33(d) that will provide information relating to notice of the asserted patents and any alleged infringement.

**INTERROGATORY NO. 11:**

Separately for each of the Patents-in-Suit, identify any analysis, whether in writing or otherwise, regarding the scope, validity, enforceability, or infringement of such patent, including the identity of the person(s) who performed or participated in the analysis, the date of the analysis, the purpose of the analysis, the person(s) to whom the analysis was provided or disclosed, the substance of the analysis, and the production number of any documents that concern, support, or refute Your answer.

**RESPONSE TO INTERROGATORY NO. 11:**

Rocateq objects to the extent that Gatekeeper seeks to impose disclosure obligations exceeding those required by the Federal Rules and Local Rules. Rocateq also objects to this request on the ground that it seeks information covered by the attorney-client and work product privileges. Rocateq further objects to this request on the ground that it is premature under the scheduling order. Rocateq objects to this request because it seeks information related patents that are subject to a stay pursuant to 28 U.S.C. § 1659. Rocateq also objects to this request because it seeks information related to patents that Rocateq will ask the Court to stay under the Court's discretionary power.

Rocateq is willing to meet and confer about this request.

| | |
|---|---|
| 1 | Dated: April 10, 2023 |
| 2 | |
| 3 | By:/s/ *Neil N. Desai* |
| | James C. Yoon |
| 4 | WILSON SONSINI GOODRICH & ROSATI P.C. |
| | 650 Page Mill Road |
| 5 | Palo Alto, CA 94304 |
| | Telephone: 650-493-9300 |
| 6 | Facsimile: 650-565-5100 |
| 7 | Neil N. Desai |
| | WILSON SONSINI GOODRICH & ROSATI P.C. |
| 8 | 633 West Fifth Street, Suite 1550 |
| 9 | Los Angeles, CA 90071 |
| | Telephone: 323-210-2900 |
| 10 | Facsimile: 866-974-7329 |
| 11 | *Attorneys for Defendants* |
| | *Rocateq USA, LLC* |
| 12 | *Rocateq International B.V.* |

DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-11)   10   CASE NO. 8:22-CV-2092-FWS-KES

# **CERTIFICATE OF SERVICE**

I, the undersigned hereby certify that a copy of the foregoing document(s) was served on all counsel of record via electronic mail on April 10, 2023.

| | |
|---|---|
| S. Michael Song (SBN 198656)<br>Charles Hsu (SBN 328798)<br>DECHERT LLP<br>3000 El Camino Real<br>Five Palo Alto Square, #650<br>Palo Alto, CA 94306<br>Telephone: 650-813-4813<br>Email: Michael.song@dechert.com<br>Charles.hsu@dechert.com | *Electronic Email* |
| Martin Black (*pro hac vice*)<br>Judah Bellin (*pro hac vice*)<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>Telephone: 215-994-2664<br>Email: Martin.black@dechert.com<br>Judah.bellin@dechert.com | |

***Counsel for Plaintiff Gatekeeper Systems, Inc.***

Dated: April 10, 2023

By: ___*/s/ Arlene Apodaca*___
ARLENE APODACA
Email: aapodaca@wsgr.com

CERTIFICATE OF SERVICE        1        CASE NO. 8:22-CV-2092-FWS-KES